UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEAIA SHARPE; N.S.D.,

                        Plaintiffs,

        -against-

KENNETH MOSS, et al.,

                        Defendants.

20-CV-0241 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Sheaia Sharpe, appearing *pro se*, purports to bring this action on behalf of herself and her infant, N.S.D. She invokes the Court's diversity jurisdiction and asserts that Defendants violated her and N.S.D's rights in Staten Island, New York. For the following reasons, the Court directs the Clerk of Court to restrict access to the complaint, and to transfer this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

**A.    Federal Rule of Civil Procedure 5.2(a)(3)**

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Plaintiff Sharpe provides the full name of her infant daughter in the complaint. The Court directs the Clerk of Court to limit electronic access to the complaint to a "case-participant only" basis. If Plaintiff Sharpe files any additional documents, she must comply with Rule 5.2(a)(3).

**B.    Transfer Case**

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiffs, residents of Staten Island, New York, bring this action concerning events that occurred in Staten Island, Richmond County, New York. Because Plaintiffs do not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to their claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiffs' claims arose in Richmond County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, *see* § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to limit access to the complaint (ECF No. 2) on the Court's CM/ECF database to a "case-participant only" basis. The Clerk of Court is also instructed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 17, 2020
        New York, New York

                                          COLLEEN McMAHON
                                        Chief United States District Judge